

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:06-CR-40 |
| | § | |
| CHRISTOPHER ISAAC | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Christopher Isaac, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #43) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 21, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 16, 2007, the Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of possession of a firearm by a felon, a Class C felony. The Court sentenced the defendant to 71 months imprisonment, followed by 3 years supervised release, imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include 1) the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment, 2) the defendant shall participate in a program for testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer, and 3) the defendant shall participate in an anger management program, under the guidance and direction of the U.S. Probation

Office, until such time as the defendant is released from the program by the probation officer. On January 24, 2012, Christopher Isaac completed his period of imprisonment and began service of the supervision term.

On July 10, 2012, the District Court revoked the defendant's term of supervised release and the offender was sentenced to six months imprisonment followed by an additional 2 years of Supervised Release with the same standard conditions of release originally imposed by the Court. Following the revocation, Mr. Isaac's new term of supervised release started on December 12, 2012.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not possess a firearm, ammunition, destructive device or other dangerous weapon.*

Specifically, the petition alleges that on January 6, 2014, Mr. Isaac admitted to the probation office that he had possessed a firearm in connection with an arrest on December 30, 2013.

**C. Evidence presented at Hearing**

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government would establish that on January 6, 2014, Mr. Isaac was interviewed by his probation officer, Glen Filla. At that time, USPO Filla asked Mr. Isaac to explain the circumstances surrounding his arrest in Shelby County, Texas, on December 30, 2013. At that time Mr. Isaac admitted to possessing a firearm in connection with his arrest.

Defendant, Christopher Isaac, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he

possessed a firearm in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by possessing a firearm.

If the Court finds that Mr. Isaac violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of VI and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 24 to 30 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3). Accordingly, the Guideline Range in this case for imprisonment upon revocation is statutorily capped at 24 months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade A violation of his supervision conditions by possessing a firearm. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Christopher Isaac, to serve a term of **twenty-four (24) months imprisonment** in this cause, with no additional supervised release to follow. Finally, the Court recommends that the defendant be placed in the Three Rivers Federal Correctional Institution (FCI) for service of the prison term, if possible.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of April, 2014.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE